IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

MARY L. RIGGINS,
         Plaintiff,             )
                                )
v.                              )        Civil Action No.
                                )        7:04-CV-0014-R
COMMISSIONER OF THE SOCIAL     )
SECURITY ADMINISTRATION,      )
         Defendant.        )

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and an Order of the Court, this case has been referred to the United States Magistrate Judge.  Plaintiff's Brief in Support of Request for Judicial Review, Defendant's Brief, and Plaintiff's Reply are before the Court for consideration.  The Court has reviewed the evidence of the parties in connection with the pleadings and **RECOMMENDS** that the final decision of the Commissioner be **VACATED** and the case **REMANDED** to the Commissioner for development of a complete record.

I.      Background

    A.      Procedural History

This is a social security case.  Plaintiff Mary L. Riggins ("Riggins"or "Plaintiff") seeks judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner"), who denied her claim for Supplemental Security Income under Title XVI of the Social Security Act ("the Act").  Plaintiff filed an application on May 21, 2001, alleging a disability onset date of May 16, 2002.  (Pl.'s Br. at 2.)  Her application was denied both initially and upon reconsideration.  (*Id.*)  Plaintiff then timely requested a hearing and Lance Hiltbrand, an Administrative Law Judge ("ALJ"), convened the hearing on January 8, 2003, in Olney, Texas.  (*Id.*

at 1.)  The ALJ issued an unfavorable decision on September 25, 2003.  (*Id.* at 2.)  The Appeals Council declined Plaintiff's request for review of the ALJ's decision on November 28, 2003, rendering that decision the final decision of the Commissioner.  (*Id.*)  Plaintiff now seeks judicial review of the Commissioner's decision.

Plaintiff alleges that the ALJ's finding that Plaintiff can do her past relevant work as a home attendant/companion or a maintenance engineer is not supported by substantial evidence.  The Commissioner, on the other hand, contends that the ALJ's decision is supported by substantial evidence.

**B.**      **Factual History**[1]

**1.**      **Plaintiff's Age, Education, and Work Experience**

Plaintiff's date of birth is October 10, 1963.  (Tr. at 31.)  She completed the seventh grade.  (*Id.*)  Her past work experience is as a home attendant/companion and a maintenance engineer.  (Tr. at 67.)

**2.**      **Plaintiff's Medical Evidence**

Plaintiff suffers from chronic back pain and depression.  (Tr. at 207-19.)  A consulting psychologist diagnosed her with "panic disorder with agoraphobia."  (Tr. at 220-21.)  The non-examining state agency medical consultants completed a Psychiatric Review Technique Form [Form SSA-2506-BK] indicating the severity of her impairment: "moderate restriction of daily activities, moderate difficulty in maintaining social function, and moderate difficulty in maintaining concentration."  (Tr. at 237.)  The state agency medical consultants completed a Form SSA-4734-

---

[1] The following history comes from the transcript of the administrative proceedings, which is designated as "Tr."

F4-SUP assessing the following work-related limitations: "moderate limitation in understanding and remembering detailed instructions, moderate limitation in maintaining concentration and maintaining regular attendance, and moderate limitation in interacting with the general public, among others." (Tr. at 223-24.)

### 3. Vocational Evidence and Opinion

Clifton King, the Vocational Expert ("VE") testified. However, the transcript of the proceedings is incomplete. Much of the VE's testimony was inaudible on the tape of the proceedings, and therefore, his testimony was not fully transcribed. (Tr. at 65-70.) The VE testified that the plaintiff's job as a home attendant or companion was light and semiskilled. He classified her job cleaning apartments (maintenance engineer) as medium and semiskilled. (Tr. at 67.) The ALJ posed a hypothetical question which assumed an ability to do medium work and with the moderate mental limitations which the state agency medical consultants identified on Form SSA-4734-F4-SUP. (Tr. at 68.) The VE states:

> A.  Your honor, (INAUDIBLE) it would probably be sort of easy to do the (INAUDIBLE) engineer. What I'm concerned about would be the ability to complete a workweek without interruption. (INAUDIBLE) the lowest level of semiskilled jobs, and if you are absent for any lengthy period of time, more than one day a month, you won't be able to do that job."

(Tr. at 68.) The ALJ then asked whether, given the State agency's medical assessment (Exh. 3, Tr. at 223-24), an individual could do her past work or other work. Mr. King answered: "I don't believe so." (Tr. at 69.) The ALJ then changed the mental limitations in a second and third hypothetical question, and the VE's responses were inaudible. (Tr. at 69.) The ALJ's limitations posed to the VE were based on Form SSA-4734-F4-SUP, the assessment of Plaintiff's ability to do specific work-related mental activities, and not on the Psychiatric Review Technique Form (Form SSA-

2506-BK) indicating the severity of her impairment in four general areas of mental functioning.

**4.      The ALJ's Written Findings of Plaintiff's Residual Functional Capacity**

The ALJ found that Plaintiff had no physical impairments and retained the residual functional capacity to perform a wide range of exertional activity including medium work. (Tr. at 17.) He noted that medium work involved lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. (*Id*.) He found she could walk and stand up to 6 hours out of an 8 hour day and sit for up to 6 hours out of an 8 hour day. (*Id*.) He limited her climbing, balancing, stooping, kneeling, crouching, or crawling to no more than occasionally (less than one-third of the time). (*Id*.)

The ALJ found non-exertional limitations related to Plaintiff's mental impairment. (*Id*.) He said that she experienced no more than moderate limitations in her activities of daily living or moderate difficulties maintaining social functioning as a result of her anxiety disorders. (*Id*.) He stated she had not experienced deficiencies of concentration, persistence and pace, and had not had repeated episodes of deterioration or decompensation in work or work-like settings. (*Id*.) The ALJ, in determining whether Plaintiff retained the residual functional capacity to perform her past relevant work, stated as follows:

> Continuing the sequential evaluation process, the Administrative Law Judge must next determine whether the claimant retains the residual functional capacity to perform her past relevant work. At the hearing, the impartial vocation expert testified that the claimant has past relevant work experience as a home attendant/companion considered light, semiskilled work; and a maintenance engineer considered medium to light semiskilled work. The vocational expert further testified that an individual "with the above outlined residual capacity" would be capable of performing all of the above outlined work as generally performed in the national economy. The Administrative Law Judge therefore finds that because the claimant's past work as generally performed did not require the performance of work activities precluded by her medically determinable impairments, she is able to return to her past relevant work.

4

(Tr. at 16.)

## II.   Legal Standards

To be entitled to social security benefits, a claimant must prove that the claimant is disabled for purposes of the Social Security Act.  *Leggett v. Chater*, 67 F.3d 558, 563–64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).  The definition of disability under the Social Security Act is "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled.  Those steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings.

2. An individual who does not have a "severe impairment" will not be found to be disabled.

3. An individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors.

4. If an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" must be made.

5. If an individual's impairment precludes the individual from performing the past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if work can be performed.

*Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (summarizing 20 C.F.R. § 404.1520(b)-(f)).  Under the first four steps of the inquiry, the burden lies with the claimant to prove his disability.  *Leggett*, 67 F.3d at 564.  The inquiry terminates if the Commissioner determines at any point during the first four steps that the claimant is disabled or is not disabled.  *Id.*  Once the claimant satisfies

5

his burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant is capable of performing. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). This burden may be satisfied either by reference to the Medical-Vocational Guidelines of the regulations or by expert vocational testimony or other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). In this case the ALJ's determination ended at the fourth step.

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not reweigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

### III.   Analysis

The terms of 42 U.S.C. 405(g) provide for judicial review of the Commissioner's decision. 42 U.S.C. § 405(g). As part of the Commissioner's answer, the Commissioner shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. *Id*.

The incomplete record in this case will not permit judicial review because the transcript contains significant omissions. In particular, much of the VE's testimony is inaudible. (Tr. at 65-9.)

The ALJ posed two hypothetical questions to the VE.  The first hypothetical included "moderate limitations in the ability to carry out detailed instructions, ability to complete a normal work week without interruption by psychological symptoms, ability to interact with the general public, and the ability to respond to changes in the work setting."  (Tr. at 68.)  The second hypothetical assumed "difficulty understanding detailed and complex instructions," "difficulty dealing with the public," and "difficulty as to setting realistic goals and making plans independently of others . . . ."  (Tr. at 69.)

Nowhere in the transcript of the hearing does the ALJ pose a hypothetical to the VE with the limitation stated in the written opinion, i.e., "no more than moderate limitations in her activities of daily living or moderate difficulties maintaining social functioning as a result of her anxiety disorders, " ". . . [no] deficiencies of concentration, persistence and pace," and ". . . [no] repeated episodes of deterioration or decompensation in work or work-like settings."  Nowhere in the transcript of the hearing does the VE testify that "an individual with the above outlined residual functional capacity would be capable of performing all of the above outlined work as generally performed in the national economy."

"Procedural perfection in administrative hearings is not required." *Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cir. 1989).  The Court "will not vacate a judgment unless the substantial rights of a party have been affected."  *Id.*  ". . .[P]rocedural improprieties ... will ... constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988).  In this case, the ALJ based his decision that Plaintiff had the residual functional capacity to perform her past work on a hypothetical question to the VE and the VE's answer, neither of which can be found in the

7

administrative record.  Respondent argues that because the case ended at the fourth step and a VE was not required, the faulty record did not affect Plaintiff's substantial rights.  (Def.'s Br. at 7.)  This argument is specious at best.  The ALJ relied upon the unrecorded question and answer in reaching his decision and found that "therefore," Plaintiff was able to return to her past relevant work.  (Tr. at 16.)  The record as it stands is insufficient to determine whether substantial evidence supports the ALJ's decision.

Defendant's response states that the ALJ's decision could have been based upon evidence in the record that Plaintiff was non-compliant with her medication.  (Def.'s Br. at 7-8.)  The Commissioner cannot now supplement the ALJ's decision with additional legal reasoning.  "The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council."  *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).

**IV**.     **Recommendation**

Prejudicial, legal error occurred because an incomplete administrative record precludes judicial review.  This Court recommends that the decision of the Commissioner be **VACATED** and that the case be **REMANDED** to the Commissioner for the development of a complete record.

**SO RECOMMENDED**, May 24, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within

ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE